## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**DENISE BROWN,**

      Plaintiff,

v.

**OTF LHP, LLC**, a Florida limited liability company,

      Defendant.

### <u>COMPLAINT</u>

COMES NOW, the Plaintiff, DENISE BROWN, by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendant, OTF LHP, LLC (hereinafter referred to as "OTF"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendant. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendant is a Florida corporation who transacts business in Broward County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, DENISE BROWN, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendant on or about approximately January 4, 2012, and worked for Defendant as a "Front Desk Clerk/Sales Associate".

4. At all times material, Plaintiff, DENISE BROWN, was an employee of Defendant within the meaning of the FLSA.

5. The Defendant, OTF, is a limited liability company formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff was an employee of Defendant and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7. Throughout Plaintiff's employment with Defendant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r)

and 203(s).

8.   At all times material, Defendant employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.  Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

9.   The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant who worked on or after March 3, 2011, and who worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

10.  At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision were made by the Defendant to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

11.  Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendant.

12.  Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant.

13.  However, Defendant did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them.

14.  Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendant.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

15.  Plaintiff, DENISE BROWN, re-alleges and incorporates herein the allegations contained in paragraphs 1-14.

16.  Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week.  All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

17.  By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

18.  As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

19.  Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs, DENISE BROWN, and those similarly situated to him who opt into this action, demand judgment against the Defendant for the following:

(a)  Unpaid overtime wages found to be due and owing;

(b)  An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c)  Prejudgment interest in the event liquidated damages are not awarded;

(d)  A reasonable attorney's fee and costs; and

(e)  Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

20.     Plaintiff demands a jury trial on all issues so triable.

DATED:  March 2, 2014

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
bjm@mllawfl.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993